REDMANN, Chief Judge.
From rulings that suppressed an admission by defendant that she’ had hydroco-done pills but refused to suppress the pills themselves, the state and defendant applied for writs. We granted certiorari and now affirm both rulings.
At the hearing on the motion to suppress, the arresting police officers testified that, while conducting surveillance from a parked car about 4 or 5 p.m. in an all-black neighborhood known for frequent drug transactions, they saw defendant, “a white girl in a black neighborhood,” leave the car in which she was a passenger, approach several black males and hand one what appeared to be currency. The black male went into a nearby business and returned, handing “something” to defendant, who “shoved it down her pants” and returned to her car, which then drove away. The officers stopped the car, asked defendant to get out, and told her why they had stopped her, but did not give her the warnings specified by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
Defendant “kept trying to get back into the vehicle. She kept trying to walk around the vehicle, putting her hand into her waist,” one officer testified. “[S]he attempted to remove the stuff a few times,” the other said. The officers told her that they were calling by radio for a female police officer to come to search her. Defendant, one officer testified, “started crying ... pleading with us ... admitted to *904 it_ She said she didn’t .want anybody searching her. [The other officer testified she said “I don’t want no female — no female touching me.”] This is when she pulled out two different small packs.”
The trial judge reasoned that defendant was under arrest at the time of her statement and, having been informed of what the police officers had seen, was “under not only physical restraint but a threat situation as to the search of her person.... [The statement she made] was not a spontaneous statement, as if the defendant had exited the automobile and immediately ... made some statement to them without their saying a word to her.... [She] should have been informed of her constitutional rights even though the police officers had no idea of questioning her.” We agree.
Beyond quibble, defendant was not free to leave and was as much entitled to Miranda warnings as if she had been expressly told that she was under arrest. And “the term ‘interrogation’ under Miranda refers not only to express questioning, but also to ... words or actions on the part of police officers that they should have known were unreasonably likely to elicit an incriminating response.” Rhode Island v. Innis, 446 U.S. 291, 301-302, 100 S.Ct. 1682, 1689-1690, 64 L.Ed.2d 297 (1980). One can hardly expect the ordinary citizen — especially a young person — when under an unequivocal equivalent of arrest (without Miranda warnings), to stand silent in the face of the threat of a body search that will produce the contraband the arrested person knows he or she has. Suppression of defendant’s statement was therefore correct.
Refusal to suppress the drugs themselves, however, was also correct. Because the police witnessed an apparent drug transaction, they rightly arrested defendant and had the right incident to that arrest to search her as they announced to her, and the search they announced would have produced the drugs in any case. Thus, as in the case of the independent source, Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), and the inevitable discovery exceptions to the exclusionary rule, Nix v. Williams, — U.S. -, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984), the drugs that defendant here produced were not excludible as “fruit of the poisonous tree,” of the failure to give Miranda warnings.
“[T]he interest of society in deterring unlawful police conduct and the public interest in having juries receive all probative evidence of crime are properly balanced by putting the police in the same, not a worse, position than they would have been in if no police error or misconduct had occurred.” Nix, — U.S. at -, 104 S.Ct. at 2509.
Affirmed.